**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

OHEL RACHEL SYNAGOGUE; ERIC
JOHANSING; ISADORE BREAUX, on
behalf of themselves and all others
similarly situated,
            *Plaintiffs-Appellants,*

                v.

UNITED STATES OF AMERICA,
            *Defendant-Appellee.*

No. 04-56894

D.C. No.
CV-04-02130-PA

OPINION

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted
November 16, 2006—Pasadena, California

Filed March 6, 2007

Before: Richard D. Cudahy,* Betty B. Fletcher, and
Susan P. Graber, Circuit Judges.

Opinion by Judge Graber

*The Honorable Richard D. Cudahy, Senior United States Circuit Judge
for the Seventh Circuit, sitting by designation.

2527

## COUNSEL

Eric Honig, Law Office of Eric Honig, Marina del Rey, California, for the plaintiffs-appellants.

John E. Lee, Assistant United States Attorney, Los Angeles, California, for the defendant-appellee.

## **OPINION**

GRABER, Circuit Judge:

The question before us is whether 28 U.S.C. § 2465(b)(1)(C) requires the government to disgorge interest earned on seized currency when the government returns the currency rather than initiating judicial forfeiture proceedings. We answer that question "no" and, accordingly, affirm the judgment of the district court.

### FACTUAL AND PROCEDURAL HISTORY

The United States Drug Enforcement Administration ("DEA") seized currency from Plaintiffs Ohel Rachel Synagogue, Isadore Breaux, and Eric Johansing in unrelated events.[1] The DEA initiated a separate administrative forfeiture proceeding against each Plaintiff.[2] Each Plaintiff promptly filed a claim contesting the relevant forfeiture. In each instance the DEA referred the matter to the United States Attorney's Office for the Central District of California, which chose not to pursue a judicial forfeiture action as to any Plaintiff. Instead, the government returned the principal amounts of the seized funds.[3] But the government did not remit any interest.

---

[1] DEA agents seized $10,290 belonging to Ohel Rachel Synagogue on October 5, 2001. On February 4, 2002, the DEA seized $4,010 in currency from Breaux. Finally, the DEA seized $9,800 in currency from Johansing on December 15, 2002.

[2] The DEA initiated administrative forfeiture proceedings against the Synagogue on November 21, 2001; against Breaux on March 20, 2001; and against Johansing on February 9, 2003.

[3] The principal amounts were returned on March 11, 2002 (to the Synagogue), June 12, 2002 (to Breaux), and July 24, 2003 (to Johansing).

Plaintiffs brought suit on behalf of themselves and all others similarly situated, that is, those whose assets were seized by the government and later returned, without interest, after the government decided not to institute judicial forfeiture proceedings. Plaintiffs sought payment of interest, attorney fees, and costs under the Administrative Procedure Act, 5 U.S.C. § 701. Their sole theory of recovery was that 28 U.S.C. § 2465(b)(1)(C) requires the government to disgorge the interest earned on the assets while in the government's possession.[4]

The government moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). The district court granted the motion and dismissed the complaint with prejudice. Plaintiffs then filed this timely appeal, in which they challenge the ruling on their entitlement to interest, but not the issues of attorney fees or costs.

## STANDARD OF REVIEW

We review de novo a district court's dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Decker v. Advantage Fund Ltd.*, 362 F.3d 593, 595-96 (9th Cir. 2004). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

---

[4]Plaintiffs ask us to remand the case to the district court with leave to amend the complaint to include a claim for interest under *United States v. $277,000 U.S. Currency*, 69 F.3d 1491 (9th Cir. 1995), if we disagree with their statutory theory. Although Plaintiffs cited that case in a brief to the district court, they did so only in support of their statutory argument. They neither relied on this proposed cause of action below nor sought leave of the district court to amend their complaint to add it. For that reason Plaintiffs are not entitled to the requested relief. *See Taniguchi v. Schultz*, 303 F.3d 950, 958-59 (9th Cir. 2002) (stating that, as a general rule, issues not raised below may not be considered on appeal).

## DISCUSSION

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") implemented a comprehensive revision of civil asset forfeiture law in the United States through the amendment of three statutes: 18 U.S.C. §§ 983 and 985, and 28 U.S.C. § 2465. In its amendment of 28 U.S.C. § 2465, CAFRA provided for the payment of attorney fees, litigation costs, and post-judgment interest by the government in certain circumstances.

The relevant section of CAFRA, 28 U.S.C. § 2465, provides, in pertinent part:

(a) *Upon the entry of a judgment for the claimant in any proceeding to condemn or forfeit property* seized or arrested under any provision of Federal law —

(1) such property shall be returned forthwith to the claimant or his agent; and

(2) if it appears that there was reasonable cause for the seizure or arrest, the court shall cause a proper certificate thereof to be entered and, in such case, neither the person who made the seizure or arrest nor the prosecutor shall be liable to suit or judgment on account of such suit or prosecution, *nor shall the claimant be entitled to costs, except as provided in subsection (b).*

(b)(1) Except as provided in paragraph (2), *in any civil proceeding to forfeit property* under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for—

(A) reasonable attorney fees and other litigation costs reasonably incurred by the claimant;

(B) post-judgment interest, as set forth in section 1961 of this title [28 USCS § 1961]; and

(C) in cases involving currency, other negotiable instruments, or the proceeds of an interlocutory sale —

(i) interest actually paid to the United States from the date of seizure or arrest of the property that resulted from the investment of the property in an interest-bearing account or instrument; and

(ii) an imputed amount of interest that such currency, instruments, or proceeds would have earned at the rate applicable to the 30-day Treasury Bill, for any period during which no interest was paid (not including any period when the property reasonably was in use as evidence in an official proceeding or in conducting scientific tests for the purpose of collecting evidence), commencing 15 days after the property was seized by a Federal law enforcement agency, or was turned over to a Federal law enforcement agency by a State or local law enforcement agency.

(2)(A) The United States shall not be required to disgorge the value of any intangible benefits nor make any other payments to the claimant not specifically authorized by this subsection.

. . . .

(D) If the court enters judgment in part for the claimant and in part for the Government, the court shall reduce the award of costs and attorney fees accordingly.

(Emphasis added.)

**[1]** The central issue here is whether the interest-payment provision of § 2465(b)(1)(C) is triggered *only* when the government commences a judicial forfeiture proceeding against a plaintiff, or *also* when the government remits a plaintiff's seized funds voluntarily, in response to an administrative claim. Section 2465(b) grants fees, costs, and interest "in *any civil proceeding to forfeit property* under any provision of Federal law in which the claimant substantially prevails." (Emphasis added.) Does a "civil proceeding to forfeit property" refer only to a "civil action" or judicial proceeding, or does it encompass as well the administrative forfeiture proceedings that the DEA pursued with respect to Plaintiffs?

**[2]** To answer that question, we must discern the intent of Congress. *See United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 542 (1940) ("In the interpretation of statutes, the function of the courts is easily stated. It is to construe the language so as to give effect to the intent of Congress."); *see also DeGeorge v. U.S. Dist. Court*, 219 F.3d 930, 936 (9th Cir. 2000) (noting that the purpose of statutory interpretation is to uncover congressional intent). We begin with the text of the statute, read in its context, and we give undefined terms their ordinary meanings. *United States v. Daas*, 198 F.3d 1167, 1174 (9th Cir. 1999).

**[3]** Although the wording of § 2465(b)(1)(C) is not entirely free from doubt, the most natural reading of the text is that "any civil proceeding to forfeit property" refers to a proceeding in court. The entirety of this statute comes into play only "[u]pon the entry of a judgment for the claimant" in a proceeding to forfeit property. 28 U.S.C. § 2465(a). A judgment is required, and a judgment occurs at the conclusion of a court proceeding. *See Black's Law Dictionary* 841 (6th ed. 1990) ("The official and authentic decision of a court of justice upon the respective rights and claims of the parties to an action or suit therein litigated and submitted to its determination."); *see also BP Am. Prod. Co. v. Burton*, 127 S. Ct. 638, 643 (2006) (interpreting 30 U.S.C. § 2415(a) to apply to judicial but not

administrative proceedings based on the plain language of the statute: "The key terms in this provision—'action' and 'complaint'—are ordinarily used in connection with judicial, not administrative, proceedings.").

In certain circumstances, the claimant may recover costs "as provided in subsection (b)." 28 U.S.C. § 2465(a)(2). The reference in § 2465(b) to a "civil proceeding" suggests that (b) is narrower than (a). While (a) covers "any proceeding," which could include a proceeding involving criminal forfeiture, (b) is limited to only "civil" proceedings. *See* 28 U.S.C. § 2465(b)(2)(B) (providing that § 2465(b)(1) does not apply if the claimant's property is subject to criminal forfeiture).

**[4]** Turning to the details of § 2465(b), if a claimant "substantially prevails" in a "civil proceeding to forfeit property," then the United States becomes liable for three categories of the prevailing claimant's expenses: attorney fees "and *other litigation costs*"; "*post-judgment* interest"; and actual or imputed interest "in *cases* involving currency," negotiable instruments, or sale proceeds. 28 U.S.C. § 2465(b)(1) (emphasis added). The first two parts of the package quite clearly contemplate a court case, by referring to "litigation" and a "judgment" for the claimant.[5] Under the principle of *ejusdem generis*, we should understand the third part of the same section to be congruent with the first two. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 114-15 (2001) (stating that, "[w]here general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words" (internal quotation marks omit-

[5]In an administrative forfeiture proceeding, the agency may enter a "declaration of forfeiture," 19 U.S.C. § 1609(b), not a judgment, but only if no claimant contests the administrative forfeiture. Once a claimant contests the forfeiture, the administrative proceeding stops and the matter is referred to the United States Attorney's Office either to return the property or to commence a judicial forfeiture action. 19 U.S.C. § 1608.

ted)). That reading is made more compelling here by Congress' reference to "cases." 28 U.S.C. § 2465(b)(1)(C).

**[5]** Congress' requirement that a plaintiff "substantially prevail" as a trigger for the recovery provisions further supports the conclusion that § 2465(b) applies only after a judicial proceeding has occurred. If the Supreme Court has already provided a definitive interpretation of the language in one statute, and Congress then uses nearly identical language in another statute, a court should give the language in the latter statute an identical interpretation unless there is a clear indication in the text or legislative history that it should not do so. *See, e.g.*, *United States v. Wells*, 519 U.S. 482, 495 (1997). The Supreme Court defined the term "prevailing party" in the context of the fee-shifting provisions of the Fair Housing Amendments Act of 1988. It held that the term does not include "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600 (2001). In other words, to "prevail," a party must achieve an "alteration in the legal relationship of the parties" that bears a "judicial *imprimatur* on the change." *Id.* at 605. Under this definition, plaintiffs cannot "substantially prevail" for purposes of § 2465(b) in the absence of a judicial proceeding.

Additionally, § 2465(b)(2) provides that the government "shall not be required to disgorge the value of any intangible benefits nor make any other payments to the claimant not specifically authorized by this subsection." Subsection (b)(2) lists exceptions to (b)(1)'s provision for the government's payment of fees, costs, and interest. If a claimant is convicted of a crime for which the claimant's interest in the property is subject to criminal forfeiture, (b)(1) does not apply. 28 U.S.C. § 2465(b)(2)(B). In certain circumstances the government is not liable for costs and fees when there are multiple claims to

the same property. *Id.* § 2465(b)(2)(C). Finally, "[i]f the court enters judgment in part for the claimant and in part for the Government," the award of fees and costs must be reduced accordingly. *Id.* § 2465(b)(2)(D). If there were any doubt about whether "judgment" in § 2465(b) could refer to an agency determination, subsection (2)(D) would dispel it, because it specifies that it is "the court" that "enters judgment."

**[6]** The legislative history of § 2465(b) provides no indication that Congress intended anything other than the plain meaning of the statute's text. Indeed, the history of CAFRA is largely silent with regard to the issue presented here. The drafters indicated a concern with the absence in former § 2465 of any provision for the payment of interest. *See* H.R. Rep. No. 105-358(I), 1997 WL 677201, at *34 (1997) ("Under current law, even if a property owner prevails in a forfeiture action, he will receive no interest for the time period in which he lost use of his property. In cases where money or other negotiable instruments were seized, or money awarded a property owner, this is manifestly unfair."). But nothing in CAFRA's history shows an intent to require the government to pay interest to those whose property is returned without their "prevail[ing] in a forfeiture action."

Plaintiffs argue that it is unfair for the government to take their money, keep it for a few months, and return it without compensating them for the loss of use of the funds. Their policy arguments may well be persuasive, but we cannot apply general policies when Congress has adopted a specific statutory remedy in § 2465(b). Plaintiffs may have other theories of recovery, although they did not pursue them in this case. *See supra* note 4. And Congress has supplied a different kind of incentive for the government's prompt action. *See, e.g.*, 18 U.S.C. § 983(a)(3) (giving the government 90 days from the submission of an administrative claim within which to file a complaint against a seized asset, requiring the government to release the property "promptly" if it fails to meet that dead-

line, and forbidding further action to effect the civil forfeiture of the property if the deadline is not met).

**[7]** In summary, we hold that 28 U.S.C. § 2465(b)(1) provides for the payment of interest only when a claimant substantially prevails in a judicial forfeiture proceeding. Here, the government commenced no judicial forfeiture proceeding but, instead, returned Plaintiffs' funds following their filing of administrative claims. In that circumstance, they have no statutory right to receive interest under 28 U.S.C. § 2465(b)(1)(C).

AFFIRMED.