384

UNITED STATES of America, Plaintiff,

v.

Pavel LAZARENKO, Defendant.

Liquidators of European Federal Credit Bank, In Liquidation, Claimants.

No. CR 00–0284 CRB.

United States District Court,
N.D. California.

Dec. 8, 2008.

Patricia Jean Kenney, Peter Benjamin Axelrod, U.S. Attorney's Office, San Francisco, CA, for Plaintiff.

Matthew J. Jacobs, Peter J. Drobac, McDermott Will & Emery LLP, Palo Alto, CA, for Claimants.

## ORDER DENYING CERTIFICATION OF APPEAL

CHARLES R. BREYER, District Judge.

After former Ukrainian Prime Minister Pavel Lazarenko was convicted in 2004 on several counts of money laundering, conspiracy to launder money, wire fraud, and interstate transportation of stolen property, Lazarenko's interests in two Bank of America bank accounts were forfeited to the United States government. The Liquidators of European Federal Credit Bank ("Liquidators") and Universal Trading and Investment Co. ("UTICo") petitioned for an ancillary hearing to determine their interests in the forfeited funds and bonds. On August 22, 2008 this Court granted summary judgment for the government on the Liquidators' motion to recover the funds forfeited by Lazarenko.

On August 29, 2008 the Liquidators appealed to the Ninth Circuit. However, because this Court's summary judgment resolved only one of two pending petitions in the same case, the Liquidators must obtain certification from this Court to appeal before UTICo's claim is adjudicated. *See* Fed. R.Crim.P. 32.2(c)(3). The government objects to the appeal on the ground that there has been no final judgment with regard to UTICo's interest in the forfeited funds, and that UTICo is seeking the same redress as the Liquidators. The government contends that the factual and legal issues between the two claims overlap, and that if the two petitioners were allowed to appeal separately, the Ninth Circuit would be faced with two appeals arising from the same factual background and legal principles. The Liquidators argue that this Court should certify the appeal because the merits of each party's claim are distinct and because there is no just reason to delay the appeal. For the reasons outlined below, the Court DENIES the Liquidators' motion to certify the appeal.

### STANDARD OF REVIEW

When multiple third-party petitions asserting an interest in forfeited property are filed in the same case, "an order dismissing or granting one petition is not appealable until rulings are made on all the petitions, unless the court determines that there is no just reason for delay." Fed.R.Crim.P. 32.2(c)(3). As no ruling has yet been made on UTICo's petition, the order can only be made appealable if is there is "no just reason for delay." The parties agree that there is an absence of authority on the meaning of "no just reason for delay" and that comparable language exists in Federal Rule of Civil Procedure 54(b).

■ Under Rule 54(b), when a civil action "presents more than one claim for relief [ … ] or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is *no just reason for delay.*" Fed.R.Civ.P. 54(b) (emphasis added). Statutory language that has not been interpreted by case law should be given the same meaning as identical language in another statute that has been analyzed by courts.

*Synagogue v. United States,* 482 F.3d 1058, 1062–63 (9th Cir.2007). Therefore, the interpretation of "no just reason for delay" in Rule 54(b) applies to aid in the interpretation of this identical language in Rule 32.2(c)(3).

■ The Supreme Court has set out a two-part test to determine whether Rule 54(b) motions should be granted. First, the court must determine that a final judgment has been entered. *Curtiss–Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (citing *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436, 76 S.Ct. 895, 100 L.Ed. 1297 (1956)). If the judgment is found to be final, the court must then determine if "there is any just reason for delay." *Curtiss–Wright,* 446 U.S. at 8–9, 100 S.Ct. 1460. In this determination, "[a] district court must take into account judicial administrative interests as well as the equities involved [ … ] to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.' " *Id.* (citing *Sears,* 351 U.S. at 438, 76 S.Ct. 895). Courts can also consider "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss–Wright,* 446 U.S. at 9, 100 S.Ct. 1460. In sum, a court must find that the judicial and administrative costs of multiple appeals are outweighed by a litigant's immediate need for an early, separate judgment. *Morrison–Knudsen Co., Inc. v. Archer,* 655 F.2d 962, 965 (9th Cir.1981).

### DISCUSSION

■ There is no question that this Court's summary judgment Order was a final judgment regarding the Liquidators' claims to the forfeited funds. *See United States v. Lazarenko,* 575 F.Supp.2d 1139 (N.D.Cal. 2008). Therefore, the only issue that his Court must now decide is whether there is "no just reason" to delay the Liquidators' appeal to the Ninth Circuit until after UTICo's claims to the funds have been adjudicated. The Court must take into consideration

equity concerns as well as whether the parties' claims are so similar that the Ninth Circuit would have to decide the same issues more than once.

█ The Ninth Circuit has held that "[j]udgments under Rule 54(b) must be reserved for the *unusual* case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by *pressing needs* of the litigants for an early and separate judgment as to some claims or parties." *Morrison–Knudsen,* 655 F.2d at 965 (emphasis added). Here, there is no indication that the Liquidators would be unduly prejudiced by delaying their appeal until after UTICo's claims have been adjudicated. The Liquidators point out that they have been diligently pursuing this claim for three years. However, they make no arguments, besides one based on convenience, as to why a further delay would be a burden.

Similar legal and factual issues between the parties' claims "will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings." *Gregorian v. Izvestia,* 871 F.2d 1515, 1519 (9th Cir.1989) (quoting *Frank Briscoe Co., Inc. v. Morrison–Knudsen Co.,* 776 F.2d 1414, 1416 (9th Cir.1985)). Furthermore, the Ninth Circuit recently held that "[w]e cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason." *Wood v. GCC Bend, LLC,* 422 F.3d 873, 882 (9th Cir.2005). Here, there are clearly overlapping factual issues that would require the Ninth Circuit to decide the same issues twice if this Court certified the Liquidators' appeal, and the Liquidators have not set forth a "seriously important reason" for certifying their appeal early.

The factual issues coincide because both UTICo and the Liquidators are seeking the same funds from the same accounts.[1] Accordingly, each petition will inevitably affect the other. The Liquidators point out that their legal issues differ from UTICo's because their legal argument is based on a claim that the initial seizure of Lazarenko's funds was unlawful, while UTICo's claim is based on fraudulent conveyance and assignment of rights claims and that UTICo has a superior interest in the funds under 21 U.S.C. § 853(n)(6). Although the Liquidators and UTICo may base their arguments on different legal theories, the fact remains that both parties are seeking a determination that they are entitled to the same funds. Allowing the Liquidators to appeal now could require the Ninth Circuit to take on "piecemeal appeals" and adjudicate the same issue more than once. Furthermore, the Liquidators have not made a showing that waiting until UTICo's claim is adjudicated would cause an unjust result, save for an argument that they have been litigating this issue for three years. Therefore, the Liquidators have not shown that their interest in appealing early outweighs the judicial interest in favor of preventing appeal until all ancillary petitions are adjudicated.

Finally, the government represents in its opposition that it "intends to file a motion for summary judgment within the next 30 days as to the [UTICo] petition." Gov't Opp. at 9. That document was filed on October 24, 2008, and to date, the Court has not received such a motion. Although the Court will not certify the appeal, it shares the Liquidators' concern in resolving this matter as soon as practicable. Accordingly, the government should file its motion expeditiously.

### CONCLUSION

For the reasons stated above, the Liquidators' motion to certify their appeal is DENIED.

**IT IS SO ORDERED.**

---

1. UTICo is seeking funds from an account at FleetBoston Bank Robertson Stephens, Inc. in addition to the funds from the Bank of America accounts.