Cortney **REYNOLDS**, Plaintiff–Appellee,

v.

**PHILIP MORRIS USA, INC.,** Defendant–Appellant.

No. 08–55114.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 17, 2009.

Filed June 2, 2009.

398

Kyle R. Nordrehaug, Norman B. Blumenthal, Blumenthal & Markham, La Jolla, CA, for Plaintiff-Appellee.

Daniel Paul Collins, Fred Anthony Rowley, Jr., Esquire, Litigation Counsel, Gregory Paul Stone, Esquire, Munger, Tolles & Olson LLP, Los Angeles, CA, Martin D. Bern, Munger Tolles & Olson, LLP, San Francisco, CA, for Defendant-Appellant.

Before: SILVERMAN and CALLAHAN, Circuit Judges, and QUIST,* District Judge.

### MEMORANDUM **

Defendant Philip Morris filed this interlocutory appeal from the district court's denial of its motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1292(b), and we reverse and remand.

The district court erred in concluding that California Civil Code § 1749.5 applies to Philip Morris's "Marlboro Miles" promotional program. The little design on the cigarette pack that was to be cut out, saved, and eventually mailed in, is a *proof of purchase*, just like a cereal box top or an Ovaltine label. It is not a "gift certificate" as the term would ordinarily be understood. The ordinary meaning of "gift certificate" does not cover Marlboro Miles because Marlboro Miles are not typically given as gifts, are not certificates, and state no cash value. *See* American Heritage Dictionary of the English Language 742 (4th ed.2000) (defining "gift certificate" as a "certificate, usually presented as a gift, that entitles the recipient to select merchandise of an indicated cash value at a commercial establishment"); *see also Synagogue v. United States*, 482 F.3d 1058, 1061–62 (9th Cir.2007) (stating that when interpreting a statute, "we give undefined terms their ordinary meanings"). Moreover, the language of § 1749.5 confirms that covered gift certificates must have a "cash value" or "face value," Cal. Civ.Code. §§ 1749.5(b)(1), (b)(2), (d)(2), which the symbol excised from the empty cigarette pack does not. Because these proofs of purchase are just that—proofs of purchase—and not gift certificates, Cal. Civ.Code. § 1749.5 does not apply.

Furthermore, subsection (d)(1) of the statute does not define what *is* a "gift certificate." Cal. Civ.Code. § 1749.5(d)(1). That subsection merely identifies one way a true gift certificate may be distributed, but it does not suggest that *any* item distributed in such a manner is in fact a gift certificate.

Finally, we express no opinion on whether Plaintiff has any other cause of action on account of the discontinuation of the Marlboro Miles promotion. We simply hold that Plaintiff has no claim under Cal. Civ.Code. § 1749.5.

**REVERSED** and **REMANDED.**

CALLAHAN, Circuit Judge.

I respectfully dissent. I agree with the district court that under the expansion of

---

* The Honorable Gordon J. Quist, U.S. District Judge for the Western District of Michigan, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

coverage occasioned by the enactment of California Civil Code § 1749.5(d), "Marlboro Miles" constitute "gift certificates" within the meaning of that state statute.