NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARKET TRADING, INC., | No. 09-55445 |
| Plaintiff–Appellant, | D.C. No. 3:06-cv-01021-W-CAB |
| v. | |
| AT&T MOBILITY, LLC, a Delaware corporation, FKA Cingular Wireless LLC, | MEMORANDUM[*] |
| Defendant–Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Argued and Submitted June 9, 2010
Seattle, Washington

Before: CANBY, CALLAHAN and IKUTA, Circuit Judges.

Plaintiff–Appellant Market Trading appeals from the district court's

dismissal, with prejudice, of its amended class action complaint for failure to state

a claim. *See* Fed. R. Civ. P. 12(b)(6). The complaint alleged that

Defendant–Appellee AT&T Mobility ("AT&T") breached its cell phone contract

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

with Market Trading and violated California's Unfair Competition Law ("UCL"). Both claims are based on the allegation that, if Market Trading shifted from its present cell phone plan to one providing fewer monthly minutes of service, AT&T would not permit the transfer of all of the "rollover minutes" that Market Trading had accumulated under its present plan.[1] According to the original complaint, Market Trading had accumulated some 10,000 rollover minutes. We affirm the district court's judgment.

## A.    Standard of Review

We review the dismissal of the amended complaint *de novo*. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). In so doing, we "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party," namely, Market Trading. *Id.* We do not ask for "detailed factual allegations," but Market Trading must go beyond "labels and conclusions, and a formulaic recitation of the elements of a cause of action" and provide us the grounds of its entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[w]hile legal conclusions can provide the

---

[1] AT&T offered subscribers a choice of several rate plans, each of which provided a fixed number of "Anytime" minutes per month. With the rollover feature, any unexpended Anytime minutes in a given month would, subject to certain conditions, "roll over," or carry forward, to the following month for later use.

framework of a complaint, they must be supported by factual allegations."

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Those factual allegations, "accepted as true," must "'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570); *accord Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009).

**B.     The District Court Properly Dismissed the Amended Complaint**

The district court dismissed the amended complaint, as it had the original complaint, for failing to plead factual allegations from which one could reasonably infer that AT&T had caused Market Trading to suffer actual harm, a requisite element of the stated claims.[2] The district court calculated from the original complaint that, to accumulate 10,000 rollover minutes, Market Trading had been using its cell phone an average of 17 minutes per day. If it changed from its 850-minute monthly plan to AT&T's smallest 450-minute monthly plan, Market Trading would have to increase its regular cell phone usage immensely in order to

---

[2] "Damages are, of course, a necessary element of the breach of contract cause of action." *Navellier v. Sletten*, 106 Cal. App. 4th 763, 775 (Ct. App. 2003); *see also Amelco Elec. v. City of Thousand Oaks*, 38 P.3d 1120, 1129 (Cal. 2002). Likewise, under California law, a plaintiff has standing to assert a claim under the UCL "only if he or she 'has suffered injury in fact and has lost money or property as a result of such unfair competition.'" *Californians for Disability Rights v. Mervyn's, LLC*, 138 P.3d 207, 209 (Cal. 2006) (quoting Cal. Bus. & Prof. Code § 17204 (West 2010)).

3

make any use of accumulated rollover minutes. The complaint contained no factual allegations supporting such an increase of use. The complaint accordingly did not present a plausible claim of harm.

We agree with the district court. Other than the bare allegation that Market Trading "was preparing to significantly increase the monthly number of [minutes it] used," no facts are alleged in the complaint that make it plausible that Market Trading would increase its average monthly usage 26-fold, from 17 minutes to more than 450 minutes, the point at which it would have tapped its supply of rollover minutes. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action," such as those in the amended complaint, "supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Accordingly, the district court properly dismissed the amended complaint.

## C.  The District Court Properly Denied Market Trading Leave to Amend

When a court dismisses a complaint pursuant to Rule 12(b)(6), denial of leave to amend "is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Polich v. Burlington Northern,*

*Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991). The factual allegations in the proposed second amended complaint, like the allegations in the previous complaints, cannot support a reasonable inference that, as Market Trading argues on appeal, the "injury suffered was forfeiture of its accumulate [sic] roll over minutes."[3] The factual allegations in the proposed complaint are in all material respects *identical* to those in the complaint it purports to amend. Market Trading has placed three successive complaints before the district court without stating a plausible claim for relief. Because "leave to amend would have been a futile exercise," *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002), the district court properly denied it.

The judgment of the district court is

**AFFIRMED.**

---

[3] In its opening brief, Market Trading argues that we should reverse and remand so that it can add a claim for rescission of contract to its would-be second amended complaint. Market Trading waived this argument by failing to raise it in the court below, and we will not, therefore, entertain it on appeal. *See Synagogue v. United States*, 482 F.3d 1058, 1060 n.4 (9th Cir. 2007) (declining to remand to the district court with leave to amend the complaint with a new claim where plaintiffs "neither relied on this proposed cause of action below nor sought leave . . . to amend their complaint to add it").