FILED

**NOT FOR PUBLICATION**

SEP 30 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOUND APPRAISAL; SAVAGE APPRAISAL SERVICES, INC., on behalf of themselves and all others similarly situated, | No. 10-16502 |
| | D.C. No. 4:09-cv-01630-CW |
| Plaintiffs - Appellants, | MEMORANDUM[*] |
| v. | |
| WELLS FARGO BANK N.A.; VALUATION INFORMATION TECHNOLOGY LLC, DBA Rels Valuation, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Argued and Submitted September 1, 2011
San Francisco, California

Before: WALLACE, BERZON, and BYBEE, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff-Appellants Sound Appraisal and Savage Appraisal Services, Inc. ("the appraisal companies") claim that Defendant-Appellees Wells Fargo Bank ("Wells Fargo") and Rels Valuation ("Rels") violated and conspired to violate the California common law duty of fair procedure. The district court dismissed with prejudice the appraisal companies' complaint for failure to state a claim. We affirm the dismissal.

We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007). Because this is an appeal from an order granting Defendants' motion to dismiss, we rely upon the factual allegations pleaded in Plaintiffs' complaint and assume them to be true. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). While we "construe the pleadings in the light most favorable to the nonmoving party," *id.*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

To state a claim for violation of the California common law duty of fair procedure,[1] the appraisal companies must allege facts that, if true, would demonstrate that Wells Fargo and Rels "wield[ ] power so substantial as to significantly impair an ordinary, competent" appraiser's "ability to practice . . . in a particular geographic area." *Potvin v. Metro. Life Ins. Co.*, 22 Cal. 4th 1060, 1072 (2000). They have not done so.

The appraisal companies allege that Wells Fargo Home Mortgage "is the nation's number one originator and number two servicer of residential mortgages," but they do not allege that either Wells Fargo or Rels controls a significant percentage of the appraisal market, let alone that they do so in the geographic area in which either appraisal company is licensed and operates. *Cf. Potvin*, 22 Cal 4th at 1072; *Palm Med. Grp., Inc. v. State Comp. Ins. Fund*, 161 Cal. App. 4th 206, 219-22 (2008).

The appraisal companies also fail to allege that removal from Wells Fargo and Rels' approved appraiser list significantly impaired their ability to practice.

---

[1]Although we have significant doubts about whether California law can constitutionally be applied at all to the appraisal companies' claims, *see, e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 818 (1985), particularly with respect to Rels, we need not decide whether it can. Even assuming California law applies, the appraisal companies have not sufficiently alleged the elements of a fair procedure claim.

3

*See Potvin*, 22 Cal. 4th at 1071; *Yari v. Producers Guild of Am., Inc.*, 161 Cal. App. 4th 172, 177 (2008); *Crosier v. United Parcel Serv.*, 150 Cal. App. 3d 1132, 1141 (1983).  They allege that after their suspension, they received no business – and derived no income – from Defendants, and in that sense "lost substantial business."  They do not, however, allege that their total income decreased; that they received less business from other brokers, lenders, or appraisal management companies; or that any other facts indicate that their inability to work for Wells Fargo or Rels impacted their overall ability to work as appraisers.

Because the appraisal companies allege no facts that would demonstrate that Wells Fargo and Rels have substantial power over the appraisal market, nor any facts that would show that the appraisal companies themselves were substantially impaired by their suspension from the approved appraiser list, their fair procedure claim fails.  Their conspiracy claim therefore necessarily fails as well.  *See Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511 (1994).

The district court dismissed the appraisal companies' complaint with prejudice, because that court had "already given Plaintiffs leave to amend their complaint once and because further amendment would be futile."  In a footnote in their Reply Brief, the appraisal companies request leave to amend their complaint should we "rule that Plaintiff[s] must allege a connection between Rels and

4

California."  But at no time before the district court or in their briefing before this court did they request leave to amend with regard to their substantive claim that Wells Fargo and Rels violated the duty of fair procedure. Therefore, any issue regarding denial of leave to amend as to the substantive claim has been waived, and we affirm the dismissal with prejudice.  *See Reyn's Pasta Bella, LLC v. Visa USA Inc.*, 442 F.3d 741, 749 (9th Cir. 2006); *Ventura Packers, Inc. v. F/V Jeanine Kathleen*, 305 F.3d 913, 916 n.1 (9th Cir. 2002); *Alaska v. United States*, 201 F.3d 1154, 1163 (9th Cir. 2000).

**AFFIRMED.**