**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30294 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00079-HRH-1 |
| v. | |
| JENNIFER ANN SHANHOLTZER, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| KENNETH COMFORT, AKA Casey, | |
| Petitioner - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
H. Russel Holland, Senior District Judge, Presiding

Submitted August 29, 2012[**]
Anchorage, Alaska

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

Kenneth Comfort ("Comfort") appeals pro se a forfeiture order resulting from his former girlfriend's crime of structuring financial transactions in violation of 31 U.S.C. § 5324(a)(3). Jennifer Shanholtzer ("Shanholtzer") used this structured currency to loan Comfort $80,000 to pay off his existing debt on an aircraft.[1]

Although the government initially sought to forfeit the aircraft, Comfort objected, and in an ancillary proceeding the court accepted Comfort's argument that Shanholtzer had only a security interest, rather than possessory interest, in the plane. The court determined that Comfort had made payments of $7,500 to Shanholtzer prior to learning that she was under investigation, and concluded that her remaining interest in the plane was $72,500. Comfort's interest in the aircraft was not forfeited, but the forfeiture of Shanholtzer's security interest permits the United States to sell the aircraft (in which case any residual equity in the plane would be returned to Comfort) or make "any other lawful arrangements to which the parties may agree."

On appeal, Comfort contends that he had superior title in the $43,500 deposited directly into his account and that he is a bona fide purchaser for value of the $36,500 he received by check from Shanholtzer's account. *See United States v. $20,193.39*

---

[1] Shanholtzer pled guilty to the structuring violation, and her separate forfeiture challenge, No. 11-30035, is affirmed by this panel in a separately filed Memorandum.

2

*U.S. Currency*, 16 F.3d 344, 346 (9th Cir. 1994). Comfort's petition in district court pertained only to his interest in the aircraft, and he has thus waived any claim to the underlying currency. In any event, his claims are without merit: he cannot claim a superior interest because the government's interest in the currency vested when the crime was committed (when the structured deposits were made). *See* 21 U.S.C. § 881(h). Nor is Comfort a "bona fide purchaser" of Shanholtzer's security interest in the plane; rather, he is by his own account a debtor of that transaction.

Although Comfort also complains that the forfeiture violates the Eighth Amendment, no interest *of Comfort's* has been forfeited; instead, the government has stepped into the shoes of his lender. The forfeiture order fully preserves his equity interest in the plane. Shanholtzer did not contest the forfeiture of her security interest in the aircraft, and Comfort cannot stand in her shoes to do so.

Nor were Comfort's due process rights violated by the forfeiture. *See United States v. James Daniel Good Real Property*, 510 U.S. 43, 47 (1993) (due process requires notice and an opportunity to be heard). Comfort received notice of the proposed forfeiture, had an opportunity to present evidence to the district court, was ultimately successful in avoiding forfeiture of the plane itself, and also received credit for pre-seizure payments he made to Shanholtzer on the loan.

Finally, Comfort claims he is entitled to attorneys' fees as a prevailing party under 28 U.S.C. § 2465(b)(1)(A) because he successfully avoided forfeiture of the aircraft. However, this provision is only applicable to civil forfeitures of property. *See Synagogue v. United States*, 482 F.3d 1058, 1062 (9th Cir. 2007) ("While (a) covers 'any proceeding' which could include a proceeding involving criminal forfeiture, (b) is limited to only civil proceedings.").[2]

**AFFIRMED**.

---

[2] To the extent § 2412(d)(1)(A) of the Equal Access to Justice Act applies instead, such fees can be awarded only if the government's position was not "substantially justified." Here, it cannot be said that the government's position was unjustified, as there was certainly a viable argument that Comfort and Shanholtzer had purchased the plane together with the structured funds and that the plane itself was forfeitable.