MURGUIA, Circuit Judge,
dissenting:
Because it runs counter to the plain meaning of 42 U.S.C. § 1997e(d)’s text, I respectfully dissent from the majority’s circuit-splitting opinion. See Riley v. Kurtz, 361 F.3d 906, 916-18 (6th Cir.2004) (holding § 1997e(d)(2)’s 150% cap includes any attorney fees a prisoner incurs defending a monetary judgment on appeal).
I. I begin with § 1997(d)’s text, and give its terms their ordinary meaning. Synagogue v. United States, 482 F.3d 1058, 1061-62 (9th Cir.2007).
Section 1997e(d)(l) provides that in “any action brought by a prisoner ... in which attorney’s fees are authorized,” attorney fees “shall not” be awarded to a prevailing prisoner unless:
(A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiffs rights protected by a statute ... and
(B)
(i) the amount of the fee is proportionately related to the court ordered relief for the violation ...
The word “action” includes both a trial and the subsequent appeal. See Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir.1994) (“An appeal is not a ‘supplementary proceeding.’ It is a continuance of the same action.”) (emphasis added); see also, e.g., Mohamad v. Palestinian Auth., — U.S. —, 132 S.Ct. 1702, 1706, 182 L.Ed.2d 720 (2012) (“In 2005, petitioners filed this action against respondents....”) (emphasis added); Leeson v. Transam. Disability Income Plan, 671 F.3d 969, 970 (9th Cir.2012) (“Plaintiff ... filed this action under the Employee Retirement Income Security Act....”) (emphasis added). Consequently, the limitations in paragraph (d)(1) apply to the attorney fees Woods incurred at trial and on appeal (i.e., in this “action”), Riley, 361 F.3d at 914, and Woods “shall not” recover any attorney fees unless they are “proportionately related to the court ordered relief’ in this action: $1,500.
Paragraph (d)(2) then defines exactly what constitutes a “proportionately related” attorney-fee award where a prisoner obtains nothing but monetary relief in an action. Specifically, it provides that “in any action described in paragraph [d](l)” where the relief ordered for the violation of the prisoner’s civil rights is monetary, a prisoner’s attorney-fee award may not exceed 150% of that monetary relief. See also Dannenberg v. Valadez, 338 F.3d 1070, 1074-75 (9th Cir.2003).
A straightforward application of the statute’s text requires a rejection of Woods’s argument that (d)(2)’s 150% cap does not include the fees he incurred defending his monetary judgment on appeal. See Wilson v. C.I.R., 705 F.3d 980, 988 (9th Cir.2013) (“If the plain meaning of the statute is unambiguous, that meaning controls.”). Woods, a prisoner, “brought” this “action” where an attorney-fee award is authorized, so his action is “described” in *1185 paragraph (d)(1); and because the only-relief Woods obtained was monetary, paragraph (d)(2)’s 150% cap applies to the attorney fees he incurred at trial and on the subsequent appeal (ie., in this “action”).[1] Accordingly, Woods may not recover more than $2,250 in attorney fees: 150% of the relief he obtained in this action.[2]
The majority injects ambiguity into the statute to avoid this outcome by reading paragraph (d)(2) in isolation from paragraph (d)(1), Maj. Op., at 1181, a methodology it rightly impugns several pages later, Maj. Op., at 1181-82. But when the statute is read in its entirety, the answer to the question here is clear. Woods’s attorney-fee award must satisfy paragraph (d)(l)(B)(i)’s[3] requirement of being “proportionately related to [his] court ordered relief,” because that requirement applies in “any action brought by a prisoner.” And, as even the majority must concede, had Cervantes not appealed, Woods’s attorney-fee award would be capped, per paragraph (d)(2), at $2,250, because that is 150% of the monetary judgment (ie., the “relief’ obtained in this “action”). It follows, then, that Congress has explicitly defined paragraph (d)(l)’s proportionality requirement to be 150% of the monetary judgment when the sole “relief’ obtained in an “action” (ie., a trial and subsequent appeal) is monetary.
Indeed, it is the majority’s opinion that is ambiguous. As noted, had Cervantes not appealed, the majority must concede that Woods’s attorney-award would be capped at $2,250, the figure that satisfies the requirements of both paragraph (d)(1) and (d)(2). But the majority holds that Woods’s attorney-fee award is no longer capped at $2,250 because Cervantes appealed, even though the relief Woods obtained in this action did not change. The outcome of the majority’s curious reading of § 1997e(d) is that a $2,250 attorney-fee award was proportionately related to $1,500 before Cervantes appealed, but $2,250 stopped being proportionately related to $1,500 when Cervantes did appeal. In other words, the majority reads paragraph (d)(l)’s proportionality requirement to mean two different things depending on whether a losing defendant appeals an adverse judgment. Cf. Dannenberg, 338 F.3d at 1074 (interpreting § 1997e(d) in way that was “internally consistent”).
II. The majority engages in a paragraph of statutory analysis, but' that also is unpersuasive. Maj. Op., at 1182.
The majority proposes that paragraph (d)(2) applies only to trial-level work, not work done on appeal, because (d)(2) is written in the present tense and, had Congress intended (d)(2) to cap attorney fees incurred on appeal, it would have used the past tense. But the majority ignores that (d)(2) applies to “an action described in paragraph[d](l)”; that paragraph (d)(1) *1186 describes “any” action brought by a prisoner; and that the word “action” includes a trial and subsequent appeal. Congress did not need to use the past tense to signal that (d)(2) applies to fees incurred on appeal: it sent that message by stating (d)(2) applies to the entire action brought by a prisoner.
The majority also contends that paragraph (d)(2) does not cap appellate fees because (d)(2) only applies to awards connected to securing a “monetary judgment,” which is only awarded in the district court, whereas “courts may award fees on multiple occasions.” But this argument ignores paragraph (d)(l)(B)(i)’s limitation that an attorney-fee award is available in an “action” governed by the PLRA only to the extent it is proportionately related to the relief ordered “for the violation” of the prisoner’s civil rights. Here, “the violation” is of Woods’s rights under the Eighth Amendment, and the court-ordered relief for that violation in this action is $1,500. Woods’s attorney-fee award must be proportionately related to that relief.
III. Recognizing that the statute does not support its result, the majority notes that it must “take into account” Dannenberg v. Valadez, 338 F.3d 1070 (9th Cir.2003). Maj. Op., at 1180-81. It is of course true that we must follow the holdings of prior panels, Miller v. Gammie, 335 F.3d 889, 899 (9th Cir.2003) (en banc), but Dannenberg is not remotely dispositive here.
As the majority explains, Dannenberg obtained injunctive relief in addition to $9,000 in monetary relief, and also a $57,556.25 attorney-fee award. Dannenberg, 338 F.3d at 1071. The defendants argued that Dannenberg’s attorney-fee award ran afoul of paragraph (d)(2) by exceeding 150% of the monetary relief Dannenberg obtained in his action. Id. at 1073. This court rejected that argument, as it disregarded paragraph (d)(l)’s proportionality requirement: the only way to award Dannenberg attorney fees proportionately related to his court-ordered relief was to account for both his injunctive and monetary relief.
It was in this context that the court wrote that “(d)(2) caps attorneys’ fees incurred for the sole purpose of securing the monetary judgment,” id. at 1075, and it is obvious this language merely meant to distinguish Dannenberg’s action from one like Woods’s, in which the “sole” relief obtained is monetary. This “sole purpose” language says nothing about attorney fees incurred defending a monetary judgment on appeal, because Dannenberg had no occasion to address that issue. Cf. Maj. Op., at 1181-82. The majority’s reliance on this half-sentence in Dannenberg, torn from context, to evade the statute’s clear meaning is as unconvincing as its reading of paragraph (d)(2) in isolation from paragraph (d)(1).
To the extent Dannenberg is relevant here, it supports capping Woods’s attorney fee-award at $2,250: the attorney-fee award that is proportionately related to the $1,500 in relief Woods obtained in this action. Dannenberg hinged on the proposition that a prevailing prisoner’s attorney-fee award must satisfy paragraph (d)(l)’s proportionality requirement, and as explained above, the majority discards (d)(l)’s proportionality requirement when a defendant appeals an adverse judgment. So while purporting to rely on Dannenberg, the majority is unfaithful to Dannenberg’s reasoning.[4]
*1187 A court is not free “to revise the plain language of the statute simply because [it] think[s] that an alternative construction is more sensible.” United States v. Jensen, 705 F.3d 976, 980 (9th Cir.2013) (internal quotation marks omitted). The majority has created a circuit split by awarding attorney fees the statute says “shall not” be awarded. I respectfully dissent.

. Woods’s argument that this application of the statute violates the Equal Protection Clause fails, as he cannot “negate every conceivable basis which might support the legislation.” See Riley, 361 F.3d at 916-18 (explaining the rational bases for including appellate attorney fees within (d)(2)'s 150% cap).

. Of this $2,250 award, the statute requires that 25% be satisfied from the monetary relief Woods obtained in his action. See 42 U.S.C. § 1997e(d)(2).

.Paragraph (d)(l)(B)(ii), which permits a prisoner to recover attorney fees "incurred enforcing the relief” obtained in the action, covers efforts a prisoner’s attorney must make to compel a non-compliant party to adhere to the relief ordered in the action. See, e.g., Balia v. Idaho, 677 F.3d 910, 918-21 (9th Cir.2012) (post-judgment monitoring of losing party's compliance with an injunction) (citing, inter alia, Webb v. Ada Cnty., 285 F.3d 829 (9th Cir.2002)). Accordingly, it is inapplicable in Woods’s case.

. The majority's suggestion that the Sixth Circuit might have decided Riley, 361 F.3d at 916-18, differently had it needed to account for Dannenberg is demonstrably false. See Maj. Op., at 1183 n. 8. Before Riley, the Sixth Circuit held in Walker v. Bain, 257 F.3d 660, *1187 667 n. 2 (6th Cir.2001), that paragraph (d)(2)’s cap does not apply when a prisoner obtains more than just monetary relief in an action — precisely the holding in Dannenberg.