12-4446-cv
United States v. Capital Stack Fund, LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand thirteen.

PRESENT:   REENA RAGGI,
                     CHRISTOPHER F. DRONEY,
                               *Circuit Judges*,
                     JOHN F. KEENAN,
                               *District Judge.*\*

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                     *Plaintiff-Appellee*,


                     v.                                               No. 12-4446-cv

CAPITAL STACK FUND, LLC,
                     *Claimant-Appellant,*

BASANDA KHAIMOV, ZHORA TABIBOV, MARK TABIBOV,
                     *Claimants*,

115-98 PARK LANE SOUTH, KEW GARDENS, NY 11418, 107-24 71ST ROAD, PH3B FOREST HILLS, NY 11375, 83-83 115TH STREET, RICHMOND HILLS, NY

---

\* Judge John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

11418, 119 RALPH AVENUE, BROOKLYN, NEW YORK 11221, 9 OAKLEY STREET, MASSAPEQUA, NY 11758, 245 MCKINLEY AVENUE, ISLAND PARK, NY 11558, and all proceeds traceable thereto,

*Defendants.*

----------------------------------------------------------------------

APPEARING FOR APPELLANT: JOHN W. MOSCOW (Seanna R. Brown, *on the brief*), Baker & Hostetler LLP, New York, New York.

APPEARING FOR APPELLEE: ARTEMIS LEKAKIS, (Varuni Nelson and Laura D. Mantell, *on the brief*) Assistant United States Attorneys *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 5, 2012, is AFFIRMED.

Claimant Capital Stack Fund, LLC ("Capital Stack") appeals from the denial of its motion for attorney's fees and expenses under the Civil Asset Forfeiture Reform Act of 2000, see 28 U.S.C. § 2465 ("CAFRA"). Capital Stack contends that the district court erred in holding that it failed to qualify as a claimant that "substantially prevails" against the government in a civil forfeiture proceeding. See id. § 2465(b)(1)(A); see also Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 789 (1989) (holding that where party seeks attorney's fees pursuant to fee-shifting statute, "no fee award is permissible until the [party] has crossed the statutory threshold of prevailing party status"

2

(internal quotation marked omitted)). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

In the forfeiture action by the United States against six parcels of real property that were proceeds of Irina Khaimov's conspiracy to commit bank fraud, Capital Stack claims to be a prevailing party because the United States granted it title to two forfeited properties in the course of administrative proceedings conducted pursuant to a court-ordered settlement. Insofar as the district court ruled otherwise, Capital Stack initially challenged both the district court's (1) application of the "prevailing party" standard articulated in Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598 (2001) ("Buckhannon"), which forecloses fee awards under a "catalyst theory"; and (2) conclusion that Capital Stack failed to satisfy Buckhannon's requirements for "prevailing party" status. At oral argument, counsel for Capital Stack effectively abandoned the first argument, agreeing that Buckhannon applies to CAFRA claimants. Thus, the single issue before the court is whether Capital Stack is a prevailing party under Buckhannon, a question that we review de novo. See Perez v. Westchester Cnty. Dep't of Corrs., 587 F.3d 143, 149 (2d Cir. 2009).

For a party to be "prevailing," there must be a "judicially sanctioned change in the legal relationship of the parties." Buckhannon, 532 U.S. at 605; accord Roberson v. Giuliani, 346 F.3d 75, 79–80 (2d Cir. 2003). Thus, for a settlement agreement to confer prevailing party status on a claimant, it must show (1) some "material alteration of the

3

legal relationship" between the parties (2) that bears a "judicial imprimatur." Roberson v. Giuliani, 346 F.3d at 79–81 (internal quotation marks omitted). Although the settlement agreement here authorized a process that ultimately led to Capital Stack obtaining title to the properties, Capital Stack cannot recover attorney's fees under CAFRA because that outcome bore no judicial imprimatur.

Pursuant to the settlement agreement, Capital Stack agreed to forgo a judicial resolution of its "innocent owner" claim and to forfeit the subject properties to the government on conditions that (1) the Department of Justice granted its petition for remission and (2) the government thereafter transferred the two properties at issue to Capital Stack. Although the court retained jurisdiction over the settlement agreement, it could not compel compliance with its terms. Rather, the settlement agreement expressly provided that if the government failed to perform the predicate acts within the time period provided, the agreement would become null and void. Thus, by "so-ordering" the settlement agreement, the district court might, at most, be understood to have "stayed" judicial proceedings to allow the parties to reach a non-judicial resolution to the action. See generally, United States v. Khan, 497 F.3d 204, 209 n.7 (2d Cir. 2007) (stating, in dictum, inclination to agree with Ninth Circuit that "the text of CAFRA suggests that Congress meant the fee-shifting provision to apply only in the event a claimant won in court" (emphasis in original) (citing Synagogue v. United States, 482 F.3d 1058, 1062 (9th Cir. 2007))); cf. DSI Assocs. v. United States, 496 F.3d 175, 186 (2d Cir. 2007) (holding in context of criminal forfeiture that remission proceeding was "non-judicial

4

remedy"). This is precisely the type of "procedural change between the parties" that we have held not to constitute "a material alteration of their legal relationship sufficient to warrant attorneys' fees." Preservation Coal. of Erie Cnty. v. Fed. Transit Admin., 356 F.3d 444, 455 (2d Cir. 2004); see also Biodiversity Conservation Alliance v. Stem, 519 F.3d 1226, 1230–31 (10th Cir. 2008) (holding plaintiff not "prevailing party" under Equal Access to Justice Act where government failure to take voluntary action that was basis of conditional court order would not give court ability to force compliance, but would return parties to status quo and allow plaintiff to address claim on merits). Accordingly, the district court correctly concluded that that Capital Stack has not substantially prevailed as required by law to recover attorney's fees and costs under CAFRA.

We have considered Capital Stack's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5