**NOT FOR PUBLICATION**

MAR 03 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARICELA RAMIREZ, | No. 12-35869 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-01472-ST |
| v. | |
| RAYMOND PETRILLO, M.D.; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted February 18, 2014**

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Maricela Ramirez appeals pro se from the district court judgment dismissing

her action arising from alleged inadequate medical treatment at a private medical

clinic. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Ramirez's race discrimination claim because Ramirez failed to allege facts sufficient to show that she was discriminated against in a "place of public accommodation" under Title II of the Civil Rights Act of 1964. 42 U.S.C. § 2000a (prohibiting race discrimination in a "place of public accommodation," and listing establishments which constitute places of public accommodation). Moreover, the district court did not abuse its discretion by not giving Ramirez leave to amend her race discrimination claim because this deficiency could not be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment).

The district court did not abuse its discretion by not giving Ramirez leave to add a disability discrimination claim because Ramirez neither alleged discrimination on the basis of a disability in her complaint nor sought leave to add such a claim. *See Synagogue v. United States,* 482 F.3d 1058, 1060 n.4 (9th Cir. 2007) (declining to remand to the district court to allow leave to amend the complaint to add a new claim where plaintiffs "neither relied on this proposed

cause of action below nor sought leave of the district court to amend their complaint to add it").

**AFFIRMED.**