NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANK A. RUST, AKA Frank Andrew Rust, <br><br>         Plaintiff-Appellant, <br><br>   v. <br><br> A. FAROOQ MUHAMMED, Dr.; MICHAEL VU, Dr., <br><br>         Defendants-Appellees, <br><br>  and <br><br> CHINO PRISON HEALTHCARE PROVIDERS; MICHAEL WARFIELD; S. OCEGURA; T. MOLL; L. ESCOBELL, <br><br>         Defendants. | No.   19-55700 <br><br> D.C. No. <br> 5:17-cv-00556-JAK-KES <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted November 6, 2020**
San Francisco, California

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, TROTT, and N.R. SMITH, Circuit Judges.

Rust appeals from the district court's grant of summary judgment in favor of Doctors Vu and Farooq on Rust's 42 U.S.C. § 1983 claims. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

The district court did not err in granting summary judgment on Rust's claims related to the denial of his request for a cervical pillow.

A

The record demonstrates that the request was denied because Dr. Vu found a cervical pillow to be medically unnecessary based on his observations upon physically examining Rust. Rust failed to rebut Dr. Vu's medical opinion with countervailing evidence, and the record does not suggest that the failure to give Rust a cervical pillow "was medically unacceptable under the circumstances, [or] was chosen in conscious disregard of an excessive risk to [Rust's] health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (internal quotation marks omitted).

B

Rust's request for a pillow could not have been denied *because of* or *in retaliation for* his grievance filed against Warfield, because the request was denied several days before the incident with Warfield even occurred. *See Rhodes v.*

*Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

## II

Rust cannot show that the doctors violated the Eighth Amendment for failing to protect him from a substantial risk of harm caused by Warfield's verbal comments because the record does not suggest that Rust ever suffered or was threatened with "objectively, sufficiently serious" harm as a result of such comments. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted); *see also Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996).

## III

Reversal is not warranted on the basis of Rust's mailroom "sub claim," because Rust has not pled any such claim—or named as defendants any individuals supposedly responsible for prison mail processing—in this case. *See, e.g., Synagogue v. United States*, 482 F.3d 1058, 1060 n.4 (9th Cir. 2007) (plaintiff may not remand a case to add a cause of action where the plaintiff "neither relied on this proposed cause of action below nor sought leave of the district court to amend [his] complaint to add it").[1]

**AFFIRMED.**

---

[1] The appellant's motion for judicial notice, filed with this court on July 5, 2019, is GRANTED. The appellees' motion for judicial notice, filed with this court on February 13, 2020, is DENIED as moot.